Filed 1/19/24  P. v. Lewis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C097938 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCCR-CRF-2020-348, SCCR-CRF-2021-376) |
| v. | |
| ADAM CHRISTIAN LEWIS, | |
| Defendant and Appellant. | |

Defendant Adam Christian Lewis resolved three pending criminal matters via a global plea agreement in which he pleaded guilty or no contest to multiple offenses in exchange for a stipulated 15-year term in state prison and dismissal of the remaining charges.  Appointed counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

1

After examining the record, it appears the trial court inadvertently failed to dismiss the remaining charges in all three cases after accepting defendant's guilty or no contest pleas under the global plea agreement.  We shall modify the judgment to dismiss the remaining counts as contemplated by the parties.  We have also discovered errors in the abstract of judgment that we shall order be corrected.  We find no other arguable error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

FACTS AND HISTORY OF THE PROCEEDINGS

In July 2019, defendant was charged in Siskiyou County case No. 19-1220 (case No. 1220) with two felonies:  conspiracy to commit theft (Pen. Code §§ 182, subd. (a)(1), 484, subd. (a), 487, subd. (a) & 488 [count 1], statutory section citations that follow are found in the Penal Code unless otherwise stated); possession of a billy or blackjack (§ 22210 [count 2]); and three misdemeanors:  prohibited interception of public safety communication (§ 636.5 [count 3]); resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1) [count 4]); and possession of a smoking device (Health & Saf. Code, § 11364, subd. (a) [count 5]).  Defendant was released on his own recognizance.

In March 2020, defendant was charged in Siskiyou County case No. 20-348 (case No. 348) with three counts of assault with a deadly weapon (§ 245, subd. (a)(1), count 1 [against M.M. with a baseball bat], count 3 [against L.S. with a baseball bat] & count 6 [against E.L. with a motor vehicle]); three counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4), count 2 [M.M.], count 4 [L.S.] & count 7 [E.L.]); first degree felony burglary with a nonaccomplice present (§§ 459, 667.5, subd. (c)(21), count 5); and possession of a deadly weapon, a crossbow, with the intent to assault another (§ 17500; count 8).  For counts 1 and 2, it was alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), and for counts 1 through 7 it was alleged that defendant was released from custody on bail or his own recognizance in case

2

No. 1220 at the time of the offenses (§ 12022.1). In April 2020, defendant was again released on his own recognizance.

This brief factual summary is based on the police reports, which the parties stipulated to as the factual basis for defendant's pleas.

The charges in case No. 348 stemmed from police reports that defendant struck E.L. with a vehicle as he was riding his gas-powered bicycle, which was later stolen, and that defendant assaulted L.S. and M.M. with a bat because he believed they had stolen property belonging to defendant's deceased father.

In March 2021, while out of custody, defendant was charged in Siskiyou County case No. 21-376 (case No. 376) with attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a), count 1 [victims Jane Doe and John Doe]); shooting at an occupied vehicle (§ 246; count 2); and possession of a billy or blackjack (§ 22210, count 3). For count 1, it was alleged that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and personally used a firearm (§ 12022.53, subd. (b)). The trial court revoked defendant's release and issued a criminal protective order for the victims in case No. 376.

Regarding the charges in case No. 376, the victim had reported being shot at while driving from a casino where defendant had repeatedly threatened her; a red truck with a driver resembling defendant had followed her and fired shots at her car as the truck passed. A later search of the suspect vehicle located a container with defendant's name on it, documents with the name of the person who was with the victim when she made the police report, binoculars, a methamphetamine pipe, and several weapons. Law enforcement opined that defendant intended to kill the victim because he believed she was involved in his father's death and stole his property.

The People moved to consolidate case No. 376 (defendant's attempted murder case) with two pending cases against defendant Justin Ritchison. The court denied the

3

motion without prejudice to refile it following the preliminary hearing, which was set in June 2021.

In May 2022, defendant's counsel, Mr. Ahart, declared a conflict based on his prior representation of two adverse material witnesses in case No. 348. He asked to be relieved and to have Mr. Magid appointed as defendant's counsel. The court granted counsel's request.

In September 2022, defendant reached a global plea agreement resolving all three cases for a stipulated upper term sentence of 15 years in state prison. The parties agreed to amend the complaint in case No. 376 to strike the premeditation and deliberation allegations; add a firearm enhancement under section 12022.4, subdivision (a) to count 1; and added a stalking charge as count 4. The parties stipulated to the police reports for each incident as the factual basis for his pleas.

In case No. 376, defendant pleaded guilty/no contest to one amended count of attempted murder (count 1) and one added count of stalking (§ 646.9, count 4); admitted the firearm enhancement added to count 1 (§ 12022.4, subd. (a)); and admitted being released on bail or his own recognizance in case No. 348 and in case No. 1220 as to those offenses (§ 12022.1). In case No. 348, defendant pleaded guilty/no contest to one count of assault with a deadly weapon (count 1), which was amended to include all three victims, admitted that he personally used a deadly and dangerous weapon during the offense (making the offense a strike), and pleaded no contest to residential burglary with a person present (count 5) as a strike offense (§ 667.5, subd. (c)(21)).

We note that defendant checked the "guilty" box on his plea form. However, during the plea hearing, defendant orally pleaded "no contest" to count 1 (attempted murder) and "guilty" to count 4 (stalking) in case No. 376, and "no contest" to assault with a deadly weapon (count 1) and first-degree residential burglary (count 5) in case No. 348.

4

Under the terms of the agreement, after the completion of sentencing, all counts in case No. 1220 were to be dismissed with a *Harvey* waiver and any remaining counts in case No. 376 and case No. 348 would also be dismissed. Defendant stipulated to aggravating factors to support upper term sentences, including that there was a pattern of violence of increasing seriousness and that he was released on bail or his own recognizance at the time of the offenses.

In October 2022, the trial court sentenced defendant to the stipulated 15-year term, which included the upper term of nine years for the attempted murder offense, a consecutive upper term of three years for the attached firearm enhancement, consecutive terms of one year each for the out on bail or own recognizance enhancements, and a concurrent term of two years for the stalking offense in case No. 376. The court sentenced defendant to a consecutive one year (one third the midterm) for the assault with a deadly weapon conviction and a concurrent upper term of six years for the residential burglary offense in case No. 348. The court also issued a criminal protective order under section 640.9, subdivision (k) in case No. 376.

After imposing sentence, the trial court advised defendant that his incarceration would be followed by either three years post release community supervision under section 3450 or three years parole under section 3000, subdivision (b)(1).

The court imposed a $300 restitution fine (§ 1202.4), and a $300 parole revocation restitution fine (§ 1202.45) in case No. 376 and case No. 348, which were suspended unless parole was revoked, a $40 court security assessment per conviction (§ 1465.8), a $30 criminal conviction assessment per conviction (Gov. Code, § 70373), and a $10 crime prevention fee plus penalty assessments (§ 1202.5) in case No. 348.

In case No. 376, the court awarded 582 actual days of credit plus 86 days of conduct credit for a total of 668 credit days. In case No. 348, the court awarded one actual day of credit. At appellate counsel's request pursuant to *People v. Fares* (1993)

16 Cal.App.4th 954, the trial court corrected its credit calculation by awarding defendant two additional days of credit in case No. 376.

In February 2023, defendant submitted a pro. per. notice of appeal requesting a certificate of probable cause. This court granted defendant's request for permission to file a notice of appeal under the constructive filing doctrine. The trial court then filed the notice of appeal without granting a certificate of probable cause in March 2023.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

After examining the record, we have discovered a clerical error in the judgment. The parties contemplated dismissal of the remaining counts and enhancements after the plea in case No. 376 and case No. 348 and dismissal with a *Harvey* waiver of all the counts in case No. 1220 as part of the plea agreement. The prosecutor stated that the People would move to dismiss the remaining counts after sentencing was completed. The trial court, however, inadvertently failed to discuss or otherwise address dismissal of the remaining charges in case No. 376, case No. 348, or case No. 1220 after sentencing defendant.

As the "court may not proceed as to the plea other than as specified in the [approved] plea" (§ 1192.5), it follows the trial court's silence at the sentencing hearing regarding dismissal of the remaining charges was not an exercise of judicial discretion but, rather, a clerical mistake in creating a record of the judgment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) Accordingly, we will modify the judgment to reflect the

6

dismissal of counts 2 and 3 plus attached enhancements in case No. 376 as well as counts 2 through 4 plus attached enhancements in case No. 348 and all the charges in case No. 1220 as contemplated by the parties. Because the abstract of judgment properly reflects defendant's pleas to attempted murder and stalking in case No. 376 and to assault with a deadly weapon and residential burglary in case No. 348, and no other counts, the abstract of judgment need not be amended in this regard.

However, we have found two additional errors on the abstract of judgment that require correction. The abstract reflects a $39 probation revocation restitution fine imposed under section 12022.44 in case No. 348, which the trial court never orally imposed. And, although the trial court imposed a $30 criminal conviction assessment for each of defendant's four convictions under Government Code section 70373, for a total assessment of $120, the abstract erroneously reflects a $130 criminal conviction assessment. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385, citing *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 [appellate court with jurisdiction can order correction of abstracts of judgment that do not accurately reflect the oral judgments of sentencing courts].) We shall direct that the abstract be corrected accordingly.

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to dismiss count 2 and count 3 in case No. 376 and any attached enhancements, counts 2 through 4 in case No. 348 as well as any attached enhancements, and all charges in case No. 1220. As so modified, the judgment is affirmed. The clerk of the superior court shall prepare a corrected abstract of judgment that deletes the $39 fine under section 12022.44 for case No. 348 and reflects a $120 criminal conviction assessment pursuant to Government Code section 70373. The clerk

7

shall forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                               _____

                                                  HULL, Acting P. J.

We concur:

_____

MESIWALA, J.

_____

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.